**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
REGION III
1650 Arch Street
Philadelphia, Pennsylvania 19103-2029**

## OFFICE OF REGIONAL COUNSEL

**TELECOPY TRANSMITTAL SHEET**   DATE: 6-26-0

TO: Kim Collins   FROM: Yvette

PHONE #: US Atty's Office   PHONE #: (215) 814

FAX NO.: 215 861 8647   FAX NO.: (215) 81

Number of Pages (including transmittal sheet): 10

### CONFIDENTIALITY NOTICE

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE ADDRESSEE LISTED ABOVE. IF YOU ARE NEITHER THE INTE RECIPIENT NOR THE EMPLOYEE OR AGENT RESPONSIBLE FOR D THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKIN ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVE TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TEL ARRANGE FOR RETURN OF THE ORIGINAL DOCUMENTS TO US.

If transmission problems occur or you are not the intended recipient, please c
(215) 814-

### OFFICE OF REGIONAL COUNSEL FAX NUMBERS

5th FLOOR: (215) 814-2603   5th FLOOR: (215) 81
6th FLOOR: (215) 814-2601

NOTES/COMMENTS:

*Customer Service Hotline: 1-800-438-2474*


EX 1



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

*Linda Shafer Bocchino*
*Direct Dial: 215-861-8323*
*Facsimile: 215-861-8647*

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

August 12, 2002

Ms. Gilda M. Coker
232 S. Melville Street
Philadelphia, Pa   19139

Re:   <u>Coker vs. Chrtine Todd Whitman, Adm., EPA</u>
        USDC (EDPA)   No. 02-cv-3735

Dear Ms. Coker:

It has come to our attention that you have filed the above-captioned matter in the United States District Court for the Eastern District of Pennsylvania. Please be advised that service of process has not be perfected under the Federal Rules of Civil Procedure, Rule 4.

Specifically, in keeping with Rule 4(i) *Serving the United States, Its Agencies, Corporations, Officers or Emplolyees,* to perfect service, you must: (1) serve the Agency named by registered or certified mail, (2) serve the Office of the U.S. Attorney, 615 Chestnut Street, Suite 1250, Philadelphia by delivering a copy of the complaint to its receptionist or by mailing a copy of the complaint to the Office by registered or certified mail, and (3) serve the U.S. Attorney General by mailing a copy of the complaint by registered or certified mail.

Unless and until you comply with the service requirement of Rule 4(i), no steps can be taken to respond to your lawsuit.

Very truly yours,

PATRICK L. MEEHAN
United States Attorney

LINDA SHAFER BOCCHINO
Assistant United States Attorney



# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:02-cv-03735-HB

COKER v. WHITMAN
Assigned to: HONORABLE HARVEY BARTLE III
Referred to:
Demand: $
Lead Docket: None
Related Cases: 93-04992
Case in other court: None
Cause: 28:1983 Civil Rights

Date Filed: 06/12/02
Jury Demand: None
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**
-----------------------

GILDA M. COKER, *U.S.*
*ENVIRONMENTAL PROTECTION*
*AGENCY*

represented by GILDA M. COKER
232 S. Melville Street
Philadelphia, PA 19139
PRO SE

V.

**Defendant**
-----------------------

CHRISTINE TODD WHITMAN, *U.S.*
*ENVIRONMENTAL PROTECTION*
*AGENCY WASHINGTON D.C.*

| Filing Date | # | Docket Text |
|---|---|---|
| 06/12/2002 | 1 | COMPLAINT against CHRISTINE TODD WHITMAN [dft] ( Filing fee $ 150 receipt number 793438.), filed by GILDA M. COKER [pla].(iy, ) (Entered: 06/13/2002) |
| 06/13/2002 | | Summons Issued; 2 mailed to counsel, 1 given to U.S. Atty., 06/13/02. (iy, ) (Entered: 07/16/2002) |
| 06/20/2002 | 2 | ORDER THAT THE ABOVE CAPTIONED CASE IS REASSIGNED FROM THE CALENDAR OF THE HON. JAN E. DUBOIS TO THE HON. HARVEY BARTLE, III. SIGNED BY CLERK OF COURT MICHAEL E. KUNZ ON 6/20/02. 6/20/02 ENTERED AND COPIES MAILED.(kw, ) Additional attachment(s) added on 6/25/2002 (kw, ). (Entered: 06/20/2002) |


Ex 3

232 S.Melville Street  
Philadelphia, PA 19139  
August 28, 2002

CERTIFIED MAIL  
RETURN RECEIPT REQUESTED

RE: EPA FILE NO: 2001-0093-R3

RE: GILDA M.COKER  
    vs  
   CHRISTINE TODD WHITMAN, ADMINISTRATOR  
   U.S. ENVIRONMENTAL PROTECTION AGENCY  
   02-CV-3735

HONORABLE PATRICK L. MEEHAN  
U.S. ATTORNEY  
615 CHESTNUT STREET   SUITE 1250  
PHILADELPHIA, PA 19106-4476

Dear Mr. Meehan,

Enclosed is a copy of the Civil Complaint filed in the U.S. District Court for the Eastern District of Pennsylvania June 12, 2002.

If additional information is required, please request via mail or phone. My phone numbers are, work 215/814-5432, home 215/222-6836.

Respectfully,

Gilda M. Coker

Enclosure(s)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GILDA M. COKER
U.S. ENVIRONMENTAL PROTECTION AGENCY

    PLAINTIFF

    VS

CHRISTINE TODD WHITMAN
ADMINISTRATOR
U. S. ENVIRONMENTAL PROTECTION AGENCY
WASHINGTON, D.C.

    DEFENDANT

02-CV-3735
Civil Action No.
2001-0093-R3

## COMPLAINT

THE ENVIRONMENTAL PROTECTION AGENCY DISMISSED AND REFUSED TO INVESTIGATE MY EQUAL EMPLOYMENT OPPORTUNITY COMPLAINTS.

CLAIM #1: TEAM LEADER'S ALLEGED PERFORMANCE OF MANAGERIAL DUTIES.

CLAIM #2: NON-SELECTION FOR AN EPS POSITION

CLAIM #3: EXPERIENCE REQUIREMENT

A TRUE COPY CERTIFIED FROM THE RECORD
DATED: 6-12-02
ATTEST: [signature]
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

GILDA M. COKER
232 S. MELVILLE STREET
PHILADELPHIA, PA   19139

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __232 S. MELVILLE STREET       PHILADELPHIA, PA   19139__

Address of Defendant: __401 M STREET   S.W.   WASHINGTON, D.C.,   20460__

Place of Accident, Incident or Transaction: __EPA, REGION III   PHILADELPHIA, PA__
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

**RELATED CASE IF ANY**

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act—Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability—Asbestos
9. ☐ All other Diversity Cases (Please specify)

**ARBITRATION CERTIFICATION**
(Check appropriate category)

I, __Gilda M. Coker__, counsel of record do hereby certify

☐ Pursuant to Local Civil Rule 8, Section 4(a)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $100,000 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                         Attorney-at-Law              Attorney I.D. #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __6/12/02__   __PRO-SE__   _____
                     Attorney-at-Law              Attorney I.D. #

CTV 609

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

GILDA M. COKER : CIVIL ACTION
U.S. ENVIRONMENTAL PROTECTION AGENCY :
REGION III :
VS :
CHRISTINE TODD WHITMAN ADMINISTRATOR :
U.S. ENVIRONMENTAL PROTECTION AGENCY : NO. 2001-0093-R3
WASHINGTON, D.C.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (✓)

6/12/02
(Date)

Gilda M Coker
Attorney-at-law

Attorney for PRO-SE

(Civ. 660)



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
WASHINGTON, D.C. 20460

MAR 11 2002

OFFICE OF
CIVIL RIGHTS

**RETURN RECEIPT REQUESTED**
Certified Mail #7000 1530 0006 1727 9365

In Reply Refer To:

Ms. Gilda M. Coker
232 S. Melville Street
Philadelphia, PA   19139

EPA File No:
2001-0093-R3

Dear Ms. Coker:

On May 18, 2001, you filed a complaint of discrimination against the Environmental Protection Agency (EPA or Agency). In your complaint, you raised the following issues:

Were you discriminated against because of your race (African American), color (Black), age (Date of Birth: 8/26/24), and reprisal (retaliation for filing previous EEO complaints), when your team leader, Edna Jones, was "allow[ed] to have managerial duties?"

Were you discriminated against because of your race (African American), color (Black), age (Date of Birth: 8/26/24), and reprisal (retaliation for filing previous EEO complaints) when, on February 4, 2000, your supervisor, Lori Reynolds, selected your co-worker, Ingrid Hopkins, for an Environmental Protection Specialist (EPS) position, GS-028-7/9 (Vacancy Announcement No. V-00-27), for which you had applied?; and

Were you discriminated against because of your race (African American), color (Black), age (Date of Birth: 8/26/24), and reprisal (retaliation for filing previous EEO complaints) when you discovered you were unable to compete for an EPS position, GS-028-12 (Vacancy Announcement No. V-01-04), because your management required one year of specialized experience at the GS-11 level to qualify for the position, and you were classified at only the GS-7 level?

After carefully reviewing your complaint, the Agency has concluded that your complaint must be dismissed for the following reason:

### Claim #1: Team leader's alleged performance of managerial duties

The Equal Employment Opportunity Commission's (EEOC) regulation at 29 C.F.R. §§1614.107(a)(7) requires the dismissal of any claim which is vague or broadly stated if an agency has submitted a written request for information, the agency has notified the complainant that failure to provide the requested information may result in dismissal of the complaint, and if the complainant's response does not address the agency's request.

By letter dated November 6, 2001, the Agency notified you that it had determined that the discrimination claim based on the alleged performance of managerial duties by your team leader, Edna Jones, was too vague to be processed. This letter also asked you to describe why you believed that this constituted discrimination, and warned that your failure to provide the information would result in dismissal of your claim. Records maintained by EPA's Office of Civil Rights (OCR) show that you received this written request on November 9, 2001, but you did not respond within the 15-day response period. Nevertheless, the Agency sent you an e-mail, dated January 8, 2002, which included the same request for additional information on this claim. You submitted responses, by e-mail and facsimile, on January 8, 2002, and January 28, 2002. However, these responses, and your other correspondences with OCR, did not describe how your management committed discrimination when, as alleged, it permitted Edna Jones to perform managerial duties. Thus, your response did not provide the information that the Agency requested in its prior correspondences. Therefore, the Agency will not investigate this claim, pursuant to 29 C.F.R. § 1614.107(a)(7).

### Claim #2: Non-selection for an EPS position.

In your complaint, you alleged that your supervisor, Lori Reynolds, discriminated against you based on race, color, age, and reprisal when she selected your co-worker, Ingrid Hopkins, instead of you, for an EPS position, GS-028-7/9 (Vacancy Announcement No. V-00-27). The EEOC regulation at 29 C.F.R. §§ 1614.107(a)(2) requires that an agency dismiss a claim that fails to comply with the applicable time limits contained in 29 C.F.R. § 1614.105. The Commission's regulation at 29 C.F.R. § 1614.105(a)(1) requires a complainant to initiate contact with an EEO Counselor within 45 days of an alleged discriminatory act. You alleged that Reynolds made the selection decision for this position on February 4, 2000, over one year before you sought EEO counseling on your current complaint. You also appear to allege that some of Reynolds's statements during your January 24, 2001, performance appraisal triggered your awareness that this selection decision was discriminatory.

However, e-mail records that you submitted to OCR demonstrate that as early as

-2-

May 19, 2000, you were concerned that Reynolds's selection of Hopkins was discriminatory. Thus, it is clear you were aware that this selection decision could have been discriminatory well before your January 24, 2001, performance appraisal. Since you failed to raise this claim with an EEO Counselor within 45 days of your awareness of the alleged discrimination, EPA will not investigate this claim, pursuant to 29 C.F.R. §§ 1614.107(a)(2).

### Claim #3: Experience requirement.

In your complaint, you alleged that management discriminated against you when it required one year of specialized experience at the GS-11 level for the Environmental Protection Specialist vacancy, GS-028-12 (Vacancy Announcement No. V-01-04). The record indicates that the opening date for this EPS vacancy, GS-028-12, was November 6, 2000. Thus, on or before November 6, 2000, management had decided to require one year of specialized GS-11 training for this position. You did not contact an EEO Counselor about this claim until March 9, 2001. Thus, you did not contact the EEO Counselor until at least 123 days after management decided to include the one-year GS-11 requirement, well beyond the 45-day time limit in 29 C.F.R. § 1614.105(a)(1). Moreover, the EEO Counselor's Report does not indicate that you were counseled on this specific allegation. Thus, there is no evidence that you became belatedly aware of management's alleged discrimination within 45 days of contacting a counselor for your complaint. Therefore, this claim is also untimely and EPA will not investigate it pursuant to 29 C.F.R. §§ 1614.107(a)(2).

### Appeal Rights.

This is EPA's final decision concerning your complaint. If you are dissatisfied with the Agency's decision, you have the right to appeal, within 30 calendar days of your receipt of this decision, to:

>    Equal Employment Opportunity Commission
>    Office of Federal Operations
>    P.O. Box 19848
>    Washington, DC 20036

You must furnish a copy of the appeal to the Complaint Resolution and Internal Compliance Staff, Office of Civil Rights, at the same time that an appeal is filed with the Commission. In or attached to the appeal, you must certify the date and method by which service was made to the Agency. EEOC Form 573, "Notice of Appeal/Petition to the Equal Employment Opportunity Commission," is enclosed.

You also have the right to file a civil action in an appropriate United States District Court under Title VII of the Civil Rights Act of 1964 or the Age Discrimination in Employment Act. If

you choose to file a civil action, you may do so:

- within 90 days of receipt of this final decision if no appeal has been filed; or

- within 90 days after receipt of the Commission's final decision on appeal; or

- after 180 days from the date of filing an appeal with the Commission, if there has been no final decision by the Commission.

If you file a civil action in a United States District Court, you must name Christine Todd Whitman, Administrator, Environmental Protection Agency, as the defendant. Failure to provide Administrator Whitman's name or official title may result in the dismissal of your case.

If you file a civil action, EPA requests that you mail a copy of the civil complaint, on the date of its filing, to:

> General Counsel
> United States Environmental Protection Agency
> 1200 Pennsylvania Avenue, N.W. (Mail Code 2311A)
> Washington, DC 20460

If you decide to file a civil action under Title VII, and if you do not have or cannot afford the services of an attorney, you may request that the district court appoint an attorney to represent you and that the court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the court. Filing a request for an attorney does not extend your time in which to file a civil action. You must file the request and the civil action WITHIN 90 CALENDAR DAYS of the date you receive the final action or final decision (as appropriate) from the Agency or Commission.

If you need additional information, please contact Alease Wright, of my staff, at (202) 564-7276.

Sincerely,

Karen Higginbotham
Acting Director

cc: Lori Reynolds, Chief
EPA Region III
Office of Enforcement and Compliance Assurance
NPDES Branch
Water Protection Division

-4-

William C. Early, Acting Regional Counsel
EPA Region III

Cynthia Burrows, EEO Officer
EPA Region III

Seth Adam Meinero, Attorney-Advisor
EPA Office of General Counsel
Civil Rights Law Office (MC 2399A)

## CERTIFICATE OF SERVICE

I, Linda Shafer Bocchino, Assistant United States Attorney, hereby certify that I caused a true and correct copy of the within Motion for Leave to File Response Within 60 Days of Service of Complaint, as permitted under F.R.Civ.P. 12(a), to be served this day, by First Class mail, prepaid, upon:

GILDA COKER
232 S. Melville Street
Philadelphia, PA  19139

By: _____
LINDA SHAFER BOCCHINO

Date: OCTOBER 11, 2002