IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GILDA M. COKER                          :       02-cv-3735
    Plaintiff                        :
                                     :
    vs.                              :
                                     :
Christine Todd Whitman, Adm., EPA       :
    Defendants                       :
                                     :

O R D E R

AND NOW, this      day of December, 2002, upon review of Defendants's Motion

to Dismiss plaintiff's Title VII claims and ADEA claim with prejudice pursuant to

F.R.Civ.P.12(b)(6), and  Plaintiff's response thereto, IT IS HEREBY ORDERED that

Defendant's Motion is GRANTED.   Plaintiff's complaint of discrimination is hereby

DISMISSED WITH PREJUDICE.

BY THE COURT:

_____

HARVEY BARTLE, III
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GILDA M. COKER                    :       02-cv-3735
     Plaintiff                  :
                              :
     vs.                       :
                              :
Christine Todd Whitman, Adm., EPA    :
     Defendant               :
                              :

<u>DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE</u>

AND NOW, comes Defendant by and through her counsel, Patrick L. Meehan,

United States Attorney for the Eastern District of Pennsylvania, and Linda Shafer

Bocchino, Assistant United States Attorney, and hereby respectfully moves this

Honorable Court to dismiss plaintiff's complaint with prejudice pursuant to F.R.Civ.P.

12(b)(6) for failure to timely exhaust her administrative remedies, as more fully

explained in the memorandum of law attached hereto.

                     Respectfully submitted,

                     PATRICK L. MEEHAN
                     United States Attorney


                     _____

                     JAMES G. SHEEHAN
                     Chief, Civil Division


                     _____

                     LINDA SHAFER BOCCHINO
                     Assistant United States Attorney

Filed: November 25, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GILDA M. COKER                          :        02-cv-3735
        Plaintiff                       :
                                        :
    vs.                                 :
                                        :
Christine Todd Whitman, Adm., EPA       :
        Defendant                       :
                                        :

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT WITH PREJUDICE
_____

## I.    STATEMENT OF THE CASE

Pro se plaintiff, Gilda Coker, filed the within complaint alleging discrimination on

the part of certain employees of the Environmental Protection Agency on the bases of

race (African American), color (Black), age (Date of Birth: 8/26/24) and reprisal

(Retaliation for filing previous EEO complaints).

## II.   JURISDICTION

Jurisdiction for plaintiff's claims of discrimination based upon race, color and

reprisal is premised upon Title VII, of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)

*et. seq.* ("Title VII")  Jurisdiction for plaintiff's claims of discrimination based upon age is

premised upon the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et. seq.*

("ADEA")

## III.  SUMMARY OF ARGUMENT

Pro se plaintiff, Gilda Coker, filed the within complaint alleging discrimination on

the part of certain employees of the Environmental Protection Agency on the bases of race (African American), color (Black), age (Date of Birth: 8/26/24) and reprisal (Retaliation for filing previous EEO complaints).

Specifically, plaintiff alleges she was discriminated against on the aforesaid bases on the following three occasions: (1) When her co-worker and team leader, Edna Jones, was "allow[ed] to have managerial duties"; (2) When her supervisor, Lori Reynolds, selected her co-worker, Ingrid Hopkins, for an Environmental Protection Specialist (EPS) position, GS-028-7/9 (Vacancy Announcement No. V-00-27) for which plaintiff had applied; and (3) When plaintiff, a GS-7 Environmental Protection Assistant, was unable to compete for a GS-12 Environmental Protection Specialist (EPS) position, GS-028-12 (Vacancy Announcement No. V-01-04) because the vacancy required one year of specialized experience at the GS-11 level to qualify for the position.

Plaintiff filed her EEO Complaint, asserting the aforesaid three claims, on May 18, 2001.

On March 11, 2002, the Agency dismissed all three claims on the following bases :

Claim One - Failure to Cooperate With EEO Investigation, pursuant to 29 C.F.R. § 1614.107(a)(7), which permits the dismissal of any claim which is vague or broadly stated if an agency has submitted a written request for information and complainant's response does not address the agency's request.  The record indicates that despite follow-up requests, plaintiff failed to provide basic information necessary to enable the Agency to investigate the basis for her first claim. [ See: Attachment, pp. 1-2:

2

Declaration of Karen Higginbotham, Acting Director, EPA Office of Civil Rights.]

Claim Two - Untimely, pursuant to 29 C.F.R. § 1614.107(a)(2), which mandates the dismissal of any claim that fails to comply with the applicable time limits. Specifically, 29 C.F.R. § 1614.105(a)(1) requires a complainant to initiate contact with an EEO counselor within 45 days of an alleged discriminatory act. The complained of non-selection decision was made on February 4, 2000, more than one year before plaintiff contacted the EEO counselor. [See: Attachment, pp. 3-5: Declaration of Karen Higginbotham, Acting Director, EPA Office of Civil Rights.]

Claim Three - Untimely, pursuant to 29 C.F.R. § 1614.107(a)(2), which calls for the dismissal of any claim that fails to comply with the applicable time limits. As noted, 29 C.F.R. § 1614.105(a)(1) requires a complainant to initiate contact with an EEO counselor within 45 days of an alleged discriminatory act. The opening date for Vacancy Announcement No. V-01-04 was November 6th thru the 21st, 2000; yet plaintiff did not contact an EEO counselor until 123 days after management had posted the vacancy announcement. [See: Attachment, pp. 6-7: Declaration of Karen Higginbotham, Acting Director, EPA Office of Civil Rights.]

In addition, plaintiff's allegation of age discrimination with respect to her three claims should also be dismissed for failure to exhaust administrative remedies, pursuant to 29 U.S.C. § 633a(d), or give timely notice to the EEOC to opt out of that process. Section 633a(d) of Title 29 mandates that an individual may not bring a civil suit in federal court based upon age discrimination unless and until he or she has given the Equal Employment Opportunity Commission not less than thirty days' notice of an

3

intent to file such as action.  As indicated by the lack of such assertion in her complaint,

plaintiff has failed to comply with this jurisdictional requirement for opting out of

administrative exhaustion in an ADEA claim.  Although plaintiff includes an allegation of

age discrimination in her administrative complaint, she did not do so in a timely fashion

with respect to claims two and three,  and did not cooperate in exhausting her

administrative remedy with respect to claim one.  29 C.F.R. § 1614.201 and

§ 1614.407.


IV.   <u>STATEMENT OF THE FACTS</u>

1.   *Pro se* plaintiff, Gilda Coker, filed the within complaint alleging

discrimination on the part of certain employees of the Environmental Protection Agency

(EPA) on the bases of race (African American), color (Black), age (Date of Birth:

8/26/24) and reprisal (Retaliation for filing previous EEO complaints).

2.   Plaintiff's complaint stems from EPA EEO Agency Complaint, File

No. 2001-0093-R3, filed May 18, 2001, setting forth three separate claims of

discrimination, each allegedly based upon her race, color, age and reprisal. [ <u>See</u>:

Attachment: pp. 8-10 .]

3.   In her first claim, plaintiff asserts that she was discriminated against when

her co-worker and team leader, Edna Jones, was allowed to have managerial duties.

[<u>See</u>: Attachment: pp. 8-10 and 39- 40.]

4.   In her second claim, plaintiff asserts that she was discriminated against

when her supervisor, Lori Reynolds, selected her co-worker, Ingrid Hopkins, for a GS-7

4

Environmental Protection Specialist (EPS) position for which Plaintiff had applied.
[See: Attachment: pp.8-10 and 39-40.]

5.    Plaintiff's third claim asserts that plaintiff was discriminated against by her supervisor, Lori Reynolds, when a GS-12 Environmental Protection Specialist (EPS) position, (Vacancy Announcement No. V-01-04) required previous specialized experience at a GS-11 level, thereby disqualifying plaintiff from competing for the position. [ See: Attachment: pp. 8-10.]    Specifically, plaintiff alleges that the requirement for one year's previous specialized experience at a GS-11 level was a guise for the pre-selection of Edna Jones. [ See: Attachment: p. 30.]

6.    Plaintiff initially contacted  EEO counselor Deborah Eble with respect to her three claims on March 9, 2001.  [See: Attachment: p. 38.]

7.    Plaintiff asserted that the triggering event for her EEO claims was negative comments made by her supervisor, Lori Reynolds, during plaintiff's annual performance evaluation on January 24, 2001.  [See: Attachment: pp. 38-39.]  By way of response, plaintiff raised each of the three issues now asserted in her EEO Complaint.   [See: Attachment: pp. 8-10.]

8.    Plaintiff received her final interview on May 3, 2001,  when EEO Counselor Deborah Eble was unable to facilitate a resolution. [See: Attachment: pp. 38, 41.]

9.    Plaintiff filed her formal EEO Complaint with the Agency on May 18, 2001. [See: Attachment: pp. 8-10.]

CLAIM ONE:  ALLOWING TEAM LEADER MANAGERIAL DUTIES

10.    Plaintiff's first claim asserts that plaintiff was discriminated against when her co-worker and team leader, Edna Jones, was allowed to have managerial duties. [See: Attachment: pp. 9-10, 30, 31.]

11.    By letter dated November 6, 2001, Karen Higginbotham, Acting Director of EPA's Office of Civil Rights, wrote to plaintiff requesting more specific information regarding plaintiff's allegation.  Specifically, the Director requested that plaintiff "...provide the date(s) when your team leader was allowed to act in a managerial capacity and explain how this allegation constitutes an action that violates an EEO statute."  [See: Attachment: p. 26]    Plaintiff was advised that the "requested information must be submitted to this office within 15 calendar days of receipt of this letter" and that "failure to submit the information could result in dismissal of the allegations for failure to prosecute, pursuant to 29 C.F.R. § 1614.107(a)(7)."  [ See: Attachment: p. 27.]

12.    The certified return receipt for the November 6, 2001 correspondence shows that plaintiff received the letter on November 9, 2001. [See: Attachment: p. 28.]

13.    Having received no response and concerned about the efficacy of the mail due to the national anthrax problem, the EPA Office of Civil Rights sent a follow-up email request to Plaintiff on January 8, 2002. [See: Attachment: p. 29.]

14.    The EPA Office of Civil Rights received correspondence from Plaintiff on January 8, 2002.  In that correspondence, plaintiff asserted only that her co-worker and team leader, Edna Jones, "has acted in a managerial capacity since she became the

6

PCS Coordinator".[1]  [See: Attachment, p. 30]

15.    On January 18, 2002, the EPA Office of Civil Rights sent a follow-up email to plaintiff again advising plaintiff that she needed to provide more specific information regarding her allegation concerning her co-worker and team leader, Edna Jones.  Specifically, the EPA Office of Civil Rights requested the "(a) dates Edna Jones acted as supervisor, and (b) what did she do/when?"  [See: Attachment, p. 31]

16.    On January 28, 2002 plaintiff responded to the EPA Office of Civil Rights' inquiry, stating only that: "As soon as Edna Jones became the EPS in the Branch she assigned duties, recommended travel, etc." [See: Attachment, p. 31]

17.    Although plaintiff provided a number of documents stemming from a previous discrimination lawsuit filed by her against EPA, naming, *inter alia*, Edna Jones[2], plaintiff provided no information nor any documentation to clarify her bald assertion that Edna Jones (allegedly) was allowed managerial duties and/or how Edna Jones' performance of managerial duties constituted an act of discrimination against plaintiff.  [See: Attachment, pp.  1-2, 33]

---

[1]  Plaintiff also mentions a previous discrimination lawsuit which she filed against the EPA, naming *inter alia* Edna Jones, and provided copies of numerous documents pertaining to the previous litigation.  See: Gilda M. Coker vs. William K. Reilly, Administrator, U.S. Environmental Protection Agency, 135 F.3d 764 (Table), 3d Cir. (1997), appeal from E.D.Pa., No. 92-05628, Rendell, J.  It appears that plaintiff provided these documents in support of her claim of reprisal.  (Plaintiff lost on the merits in her previous litigation.)  However, same has no bearing on the merits of her current claim averring that Ms. Jones was allowed to perform managerial duties.

[2]  See: Gilda M. Coker vs. William K. Reilly, Administrator, U.S. Environmental Protection Agency, 135 F.3d 764 (Table), 3d Cir. (1997), appeal from E.D.Pa., No. 92-05628, Rendell, J.

18.    Accordingly, on March 11, 2002, the EPA Office of Civil Rights dismissed plaintiff's claim pursuant to 29 C.F.R. §1614.107(a)(7), which permits the dismissal of any claim which is vague or broadly stated if an agency has submitted a written request for information and complainant's response does not address the agency's request. [See: Attachment: p. 32-33.]  As the record indicates, despite follow-up requests, plaintiff failed to provide the basic information necessary to enable the EPA Office of Civil Rights to investigate the basis for her first claim.

CLAIM TWO:  NON-SELECTION FOR EPS POSITION GS-028-7/9

19.    Plaintiff's second claim asserts that plaintiff was discriminated against when her supervisor, Lori Reynolds, selected her co-worker, Ingrid Hopkins, for a GS-7 Environmental Protection Specialist (EPS) position for which Plaintiff had applied. [See: Attachment: pp. 3- 4, 10 and 39.]

20.    The EPA Office of Civil Rights' investigation into this administrative claim revealed that the non-selection complained of by plaintiff was that for EPS position GS-028-7/9 (Vacancy Announcement No. V-00-27).   The selection of Ingrid Hopkins occurred on February 4, 2000.   [See: Attachment: pp. 3, 37 and 39.]

21.    EEO regulation 29 C.F.R. § 1614.105(a)(1) requires a complainant to initiate contact with an EEO counselor within 45 days of an alleged discriminatory act. Accordingly, Plaintiff had until March 21, 2000 to contact an EEO counselor with respect to this claim.

22.    Plaintiff's initial contact with EEO Counselor Deborah Eble occurred on

8

March 9, 2001, over one year after the alleged discriminatory act.[3]  [See: Attachment: p. 38.]

23.    Accordingly, the EPA Office of Civil Rights dismissed plaintiff's claim for non-selection for EPS position GS-028-7/9 (Vacancy Announcement No. V-00-27) as untimely, pursuant to 29 C.F.R. § 1614.107(a)(2).   [See: Attachment: pp. 3- 5, 33- 34.]

CLAIM THREE: EXPERIENCE REQUIREMENT FOR EPS POSITION GS-028-12

24.    Plaintiff's third claim asserts that plaintiff was discriminated against by her supervisor, Lori Reynolds, when a GS-12 Environmental Protection Specialist (EPS) position, (Vacancy Announcement No. V-01-04) required previous specialized experience at a GS-11 level, thereby disqualifying plaintiff from competing for the position.  [See: Attachment: pp. 8-10.]   Specifically, plaintiff alleges that the

---

[3]  Plaintiff alleges that she initially contacted EEO Counselor Linda Holden "[w]ithin the prescribed time frame" about the selection of Ingrid Hopkins for the EPS GS-028-7/9 position (Vacancy Announcement No. V-00-27). [See: Attachment, p. 37] The selection occurred on 02/04/00.  [See: Attachment, p.37] Plaintiff asserts that Linda Holden "hadn't received training as an EEO Counselor and could not accept it.  I contacted Mark Goldstein but too much time lapsed and we didn't follow through." [See: Attachment, p.37]

    The record shows that plaintiff contacted EEO counselor Mark Goldstein about this by e-mail on 09/11/00, referring to a "request for EEO counseling" on 05/19/00.  [See: Attachment, p. 42.]   As evidenced by the record, plaintiff did not contact an EEO counselor within the 45 days of the alleged discriminatory act, as required by 29 C.F.R. § 1614.105(a)(1).  Moreover, assuming *arguendo* that plaintiff's initial delay was excusable, plaintiff failed to pursue her claim with EEO counselor Mark Goldstein when she again raised the issue by virtue of her 09/11/00 contact.

requirement for one year's previous specialized experience at a GS-11 level was a guise for the pre-selection of Edna Jones. [See: Attachment: p. 10]

25.    The EPA Office of Civil Rights' investigation into this administrative claim revealed that the position, EPS GS-028-12 (Vacancy Announcement No. V-01-04), was published on November 6, 2000, with a closing date of November 21, 2000.  [See: Attachment: pp. 6- 7, 34, 43- 45.]   Accordingly, plaintiff knew or should have known of the one year specialized GS-11 requirement as of November 21, 2000 at the latest.

26.    EEO regulation 29 C.F.R. § 1614.105(a)(1) requires a complainant to initiate contact with an EEO counselor within 45 days of an alleged discriminatory act, whether the allegation is based on race, color, sex or age discrimination.  Accordingly, plaintiff had until January 5, 2001 to contact an EEO counselor with respect to this claim.

27.    Plaintiff's initial contact with EEO Counselor Deborah Eble occurred on March 9, 2001, more than three months after the alleged discriminatory act.   [See: Attachment: p. 38.]  Moreover, plaintiff never raised this particular claim with EEO Counselor Deborah Eble during the informal resolution process.  [See: Attachment: pp. 34, 39- 41.]   Plaintiff first raised this discrimination claim by virtue of her formal EEO Agency Complaint, dated May 18, 2001, approximately four months after the alleged discriminatory act.  [See: Attachment: pp. 10 and 34.]

28.    Accordingly, the EPA Office of Civil Rights dismissed Plaintiff's claim alleging that the requirement of one year specialized experience at GS-11 level precluded her from competing for ESP position GS-028-12 (Vacancy Announcement

10

No. V-01-04) and was essentially a guise for the pre-selection of Edna Jones, as untimely pursuant to 29 C.F.R. §§ 1614.107(a)(2).   [See: Attachment: pp. 6- 7, 34.]

29.     By letter dated March 11, 2002, the EPA Office of Civil Rights mailed plaintiff notice of the dismissal of all three of her claims, and advised her of her appeal rights.  [See: Attachment: pp. 32- 35.]

30.     Plaintiff filed the within civil action on June 12, 2002.


LEGAL ARGUMENT

Pro se plaintiff, Gilda Coker, filed the within complaint alleging discrimination on the part of certain employees of the Environmental Protection Agency on the bases of race (African American), color (Black), age (Date of Birth: 8/26/24) and reprisal (Retaliation for filing previous EEO complaints).   Specifically, plaintiff alleges she was discriminated against on the aforesaid bases on the following three occasions: (1) When her co-worker and team leader, Edna Jones, was "allow[ed] to have managerial duties"; (2) When her supervisor, Lori Reynolds, selected her co-worker, Ingrid Hopkins, for an Environmental Protection Specialist (EPS) position, GS-028-7/9 (Vacancy Announcement No. V-00-27) for which plaintiff had applied; and (3) When plaintiff, a GS-7 Environmental Protection Assistant, was unable to compete for a GS-12 Environmental Protection Specialist (EPS) position, GS-028-12 (Vacancy Announcement No. V-01-04) because the vacancy required one year of specialized experience at the GS-11 level to qualify for the position.

Jurisdiction for plaintiff's claims of discrimination based upon race, color and

11

reprisal is premised upon Title VII, of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et. seq.* ("Title VII").  Jurisdiction for plaintiff's claims of discrimination based upon age is premised upon the Age Discrimination in Employment Act, 29 U.S.C. § 633a *et. seq.* ("ADEA").

STANDARD OF REVIEW

It is conceded that a motion to dismiss for failing to file a timely EEOC claim is not a jurisdictional attack, but rather, an affirmative defense more in the nature of a statute of limitations issue, subject to waiver, estoppel, and equitable tolling.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 1132 (1982). Accordingly, "[t]imeliness of exhaustion requirements are best resolved under Rule 12(b)(6) covering motions to dismiss for failure to state a claim."  Robinson v. Dalton, 107 F.3d 1018, 101-22 (3d. Cir.1997).  Moreover, under Rule 12(b)(6), the defendant has the burden of showing that no claim has been stated.  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.1991).  "In considering a Rule 12(b)(6) motion, the Court must accept the allegations of the complaint as true."  Bishop v. Okidata, Inc., 864 F.Supp. 416, 420 (DNJ 1994) (citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686 (1974).)   In addition, a court may properly consider undisputedly authentic documents attached to the motion papers of either party in deciding a Rule 12(b)(6) motion to dismiss.  In re Donald J. Trump Casino Securities Lit., 7 F.3d 357, 368 n.9 (3d Cir.1993), *cert. denied*, 510 U.S. 1178, 114 S.Ct. 1219 (1994).

12

TITLE VII CLAIMS

Plaintiff filed an EEO Complaint with the EPA Office of Civil Rights on May 18, 2001.  On March 11, 2002, the Agency dismissed all three claims on the following bases:

Claim One - Dismissed for Failure to Cooperate With EEO Investigation

The Agency dismissed plaintiff's first claim pursuant to 29 C.F.R. § 1614.107(a)(7), which permits the dismissal of any claim which is vague or broadly stated if an agency has submitted a written request for information and complainant's response does not address the agency's request.  See: Khader v. Les Aspins, 1 F.3d 968, 971 (10th Cir. 1993);  Pack v. Marsh, 986 F.2d 1155, 1157 (7th Cir. 1993); Edwards v. Department of Army, 709 F.2d 1344, 1347 (8th Cir. 1983).  Here, the record reflects that despite two follow-up requests by the EPA Office of Civil Rights specifying the information needed, plaintiff failed to provide basic information necessary to enable the Agency to investigate the basis for her first claim. [ See: Attachment, pp. 1-2: Declaration of Karen Higginbotham, Acting Director, EPA Office of Civil Rights.] Accordingly, the EPA Office of Civil Rights' dismissal of plaintiff's claim was appropriate and justified.

Claim Two - Failure to Timely Exhaust

The Agency dismissed plaintiff's second claim for failure to timely exhaust her administrative remedies pursuant to 29 C.F.R.  § 1614.107(a)(2), which mandates the dismissal of any claim that fails to comply with the applicable time limits.  Specifically, 29 C.F.R. § 1614.105(a)(1) requires a complainant to initiate contact with an EEO

counselor within 45 days of an alleged discriminatory act. <u>See</u>: <u>Dougherty v. Henderson</u>, 155 F. Supp.2d 269 (EDPA 2001); <u>Weber v. Henderson</u>, 2001 WL 285605 (EDPA 2001); <u>Tinnin v. Danzig</u>, 2000 WL 190255 (EDPA 2000).   The complained of non-selection decision in the instant matter was made on February 4, 2000, more than one year before plaintiff contacted the EEO counselor Deborah Eble. [<u>See</u>: Attachment, pp. 3-5: Declaration of Karen Higginbotham, Acting Director, EPA Office of Civil Rights.] Plaintiff offers no excuse for her delay in contacting an EEO counselor, having raised it with her supervisor (the alleged discriminating official) at the time of selection of Ingrid Hopkins. [<u>See</u>:  Attachment, p. 40]  Plaintiff alleges that she initially contacted EEO Counselor Linda Holden "[w]ithin the prescribed time frame" about the selection of Ingrid Hopkins for the EPS GS-028-7/9 position (Vacancy Announcement No. V-00-27). [<u>See</u>: Attachment, p. 37]   Plaintiff asserts that Linda Holden "hadn't received training as an EEO Counselor and could not accept it.  I contacted Mark Goldstein but too much time lapsed and we didn't follow through." [<u>See</u>: Attachment, p.37]

The record shows that plaintiff contacted EEO counselor Mark Goldstein about this by e-mail on 09/11/00, referring to a "request for EEO counseling" on 05/19/00. [<u>See</u>: Attachment, p. 42.]  The selection occurred on 02/04/00.  [<u>See</u>: Attachment, p.37]  As evidenced by the record, plaintiff did not contact an EEO counselor within the 45 days of the alleged discriminatory act, as required by 29 C.F.R. § 1614.105(a)(1). Moreover, assuming *arguendo* that plaintiff's initial delay was excusable, plaintiff failed to pursue her claim with EEO counselor Mark Goldstein when she again raised the issue by virtue of her 09/11/00 contact.

14

As evidenced by the record, the EPA Office of Civil Rights' dismissal of plaintiff's second claim is appropriate and justified.

Claim Three - Failure to Timely Exhaust

Plaintiff's third claim asserts that plaintiff was discriminated against by her supervisor, Lori Reynolds, when a GS-12 Environmental Protection Specialist (EPS) position, (Vacancy Announcement No. V-01-04) required previous specialized experience at a GS-11 level, thereby disqualifying plaintiff from competing for the position.   [See: Attachment: pp. 8-10.]   Specifically, plaintiff alleges that the requirement for one year's previous specialized experience at a GS-11 level was a guise for the pre-selection of Edna Jones. [See: Attachment: p. 10]

The EPA Office of Civil Rights' investigation into this administrative claim revealed that the position, EPS GS-028-12 (Vacancy Announcement No. V-01-04), was published on November 6, 2000, with a closing date of November 21, 2000.  [See: Attachment: pp. 6- 7, 34, 43- 45.]   Accordingly, plaintiff knew or should have known of the one year specialized GS-11 requirement as of November 21, 2000 at the latest.

As noted, EEO regulation 29 C.F.R. § 1614.105(a)(1) requires a complainant to initiate contact with an EEO counselor within 45 days of an alleged discriminatory act. Accordingly, plaintiff had until January 5, 2001 to contact an EEO counselor with respect to this claim.   Plaintiff's initial contact with EEO Counselor Deborah Eble occurred on March 9, 2001, more than three months after the alleged discriminatory act.   [See: Attachment: p. 38.]  Moreover, plaintiff never raised this particular claim with

15

EEO Counselor Deborah Eble during the informal resolution process.  [See: Attachment: pp. 34, 39- 41.]   Plaintiff first raised this discrimination claim by virtue of her formal EEO Agency Complaint, dated May 18, 2001, approximately four months after the alleged discriminatory act.  [See: Attachment: pp. 10 and 34.]

As evidenced by the record, the EPA Office of Civil Rights' dismissal of plaintiff's second claim is appropriate and justified.


ADEA CLAIM

Under the ADEA, plaintiff has two options.  She may opt out of the administrative exhaustion process by giving the EEOC written notice of her intent to sue.  Such notice must be given within 180 days of the occurrence of the allegedly unlawful practice.  29 C.F.R. § 1614.201.  Plaintiff did not provide such notice within 180 days of any of the occurrences she claims to be unlawful practice.


The other option is to exhaust administrative remedies in the same manner as Title VII.  This appears to be the option chosen by plaintiff.  Plaintiff did include age as a basis for her administrative claims filed with the EPA Office of Civil Rights.  However, as noted, plaintiff's first claim was dismissed for failure to cooperate.   Plaintiff's second and third claims were dismissed as untimely, as described above.  Section 1614.105(a) of Title 29 requires plaintiff to bring her claims of age, sex, or race discrimination to an EEO counselor within 45 days of the alleged discriminatory action.  29 C.F.R. § 1614.105(a)(i).  Once an aggrieved employee chooses the administrative process, she

becomes obligated to exhaust her administrative remedies in a timely fashion before she may pursue an ADEA claim in court.  <u>Avillan v. Potter</u>, 2002 WL 252479 (SDNY 2002).  Accordingly, in the instant case, the question of whether plaintiff appropriately exhausted her administrative claims is the same for her ADEA claim as her Title VII claims.

<u>CONCLUSION</u>

For the foregoing reasons,  Defendant respectfully requests this Court to dismiss plaintiff's complaint with prejudice pursuant to F.R.Civ.P. 12(b)(6) for failure to timely exhaust her administrative remedies.

Respectfully submitted:

PATRICK L. MEEHAN
United States Attorney

17

_____
JAMES G. SHEEHAN
Chief, Civil Division


_____
LINDA SHAFER BOCCHINO
Assistant U.S. Attorney


Filed:  November 26, 2002

GILDA M. COKER v. CHRISTINE TODD WHITMAN, Adm. EPA
Civil Action No. 02-CV-3735

# ATTACHMENT:

# Declarations of Karen Higginbotham, Acting Director, EPA Office of Civil Rights, with exhibits thereto.

Declaration - Claim One                                pp.  1 - 2

Declaration - Claim Two                                pp.  3 - 5

Declaration - Claim Three                              pp.  6 - 7

Ex. 1 -  Formal EEO Complaint                          pp.  8 - 10
         Gilda Coker 05/18/01

Ex. 2 - Letter from EPA Office                          pp. 26 - 27
        of Civil Right
        Dated: 11/16/01

Ex. 3 - Return Receipt of 11/16/01                      pp.  28
        Letter from EPA

Ex. 4 - E-Mail from EPA Office                          pp.  29
        of Civil Rights
        Dated: 01/08/02

Ex. 5 - Letter from Gilda Coker                         pp.  30
        Dated: 12/07/01
        Received: 01/08/02

Ex. 6 - E-Mail from EPA Office                          pp.  31
        of Civil Rights
        Dated: 01/18/02

Ex. 7 - Dismissal Letter                    pp.  32 - 36
        from EPA Office of
        Civil Rights
        Dated: 03/11/02


Ex. 8 - E-Mail from                          pp.  37
        Gilda Coker
        Dated: 01/30/02


Ex. 9 - EEO Counselor's Report               pp.  38 - 41
        By Deborah Eble
        Dated: 08/09/01


Ex.10 - E-Mail from                          pp.  42
        Gilda Coker
        Dated: 09/11/00


Ex.11 - Merit Promotion Announcement         pp.  43 - 45
        No.  V-01-04
        EPS , GS-028-12
        Dated:   11/06/00

CERTIFICATE OF SERVICE

I, Linda Shafer Bocchino, Assistant United States Attorney, hereby certifies that I causes a true and correct copy of the within *Motion to Dismiss Plaintiff's Complaint With Prejudice*, was served this day, by First Class mail, prepaid, upon:

GILDA COKER
232 S. Melville Street
Philadelphia, PA   19139

By:   _____
LINDA SHAFER BOCCHINO

Dated: November 26, 2002

22