IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILDA M. COKER** | : | CIVIL ACTION NO. 02-CV-3735 |
| | : | |
| **Plaintiff**, | : | |
| | : | |
| v. | : | |
| | : | |
| **Christine Todd Whitman, Adm. EPA** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

AND NOW, this _____ day of _____, **2002**, upon consideration of Defendant's Motion to Dismiss and Memorandum in support thereof and memorandum in support thereof, and Plaintiff's response and memorandum in support, it is hereby ORDERED and DECREED that Defendants' motion is DENIED.

BY THE COURT:

_____
J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILDA M. COKER** | : | CIVIL ACTION NO. 02-CV-3735 |
| **Plaintiff**, | : | |
| v. | : | |
| **Christine Todd Whitman, Adm. EPA** | : | |
| **Defendant.** | : | |

## PLAINTIFF, GILDA M. COKER'S RESPONSE TO DEFENDANT'S RENEWED MOTION TO DISMISS PURSUANT TO FED. R.C.P. 12(b)(6)

Plaintiff hereby submits to this Honorable Court her response to defendants' motion and support thereof:

1.  Denied. Plaintiff does state a claim upon which relief can be granted.

2.  Denied. The complaint alleges facts and circumstances the plaintiff will be able to prove by a preponderance of the evidence at trial.

3.  Denied. The Plaintiff's ability to establish facts sufficient to support her allegations is a question for a jury.

4.  Denied. Plaintiff's Human Relations Commission complaint was filed out of justified anger at being treated differently from other condo members similarly situated solely because of her race in violation of the Fair Housing Act and other civil rights laws.

5.  Denied. Defendant's Motion to Dismiss is untimely under Fed. R.C.P. 12(b) as Defendant has already filed numerous responsive pleadings of record, including an Answer, prior to this filing. Defendants' motion is therefore barred.

In support of their motion, Plaintiff relies upon the accompanying Memorandum and other pleadings of record, including the deposition transcript, which have been filed with this court.

                                                          Respectfully submitted,

DATED:                                        BY:_____
                                                  J. Edward McCain III, Esquire
                                                  1800 Callowhill Street
                                                  Philadelphia, PA  19130
                                                  215-557-0151
                                                  Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILDA M. COKER** | : | CIVIL ACTION NO. 02-CV-3735 |
| **Plaintiff**, | : | |
| v. | : | |
| **Christine Todd Whitman, Adm. EPA** | : | |
| **Defendant.** | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF, GILDA M. COKER'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED.R.C.P.12(b)(6)**

**I.   INTRODUCTION**

Plaintiff, Gilda M. Coker, through the undersigned counsel, responds to Defendants' motion to dismiss pursuant to Fed..R.C.P. 12(b)(6) or summary judgment motion. Mrs. Coker maintains that the defendants' motion must be denied or, alternatively, that the court grant time to amend the Complaint to cure any defect.

**II.   RELEVANT FACTS**

Conveniently, Defendants ignore the facts surrounding the discriminatory treatment against Ms. Hartman upon her initial purchase of her condominium at Greenwich Walk Condominiums (hereinafter "Greenwich Walk"). Ms. Hartman is the only African American owner of a condominium unit at Greenwich Walk. In 1994 she purchased said condominium unit from Defendant, Dennis Milstein (hereinafter "Defendant Milstein"). The condominium unit was the only property within a group of sold units by Defendant Milstein which had a defective roof. Not only did Defendant Milstein intentionally sell the only defective property, from a group of non-defective properties to Ms. Hartman, but the Defendants all failed to

address, fix or prepare said defect timely.  As an example, severe leakage from the defective roof lasted for over six (6) years.  See Defendants' Exhibit R2 at p.87.  The failure to address the defective roof and leaking problems in Ms. Hartman's unit was just the beginning of a host of intentional discriminatory acts by Defendants, disparate and different of that of other unit owners and dwellers residing at Greenwich Walk.  See  Defendants' Exhibit R2 at p. 83 and Complaint at 10(b).

      Defendants misrepresent the facts that support Ms. Hartman's claim of violation of her civil rights with regard to several items.   Nowhere does Ms. Hartman allege that the "Association" refused to allow her to operate a business from her unit because she didn't have a zoning variance.  (See Memorandum in Support of Defendants' Motion to Dismiss p.3). Conversely, Ms. Hartman alleges that Greenwich Walk and Defendant John D' Angelo (hereinafter "Defendant D'Angelo") effectively forbid her to run a business within her home by not allowing her to obtain a necessary variance.  See Complaint at 10(d).  Defendant D'Angelo admits that he informed Plaintiff that in order to operate a business from her home, she needed to obtain variance from the city as the property is zoned residential. See Defendants' Memorandum p.3.  However, Defendant D'Angelo conveniently fails to point out that he also informed Ms Hartman she had to get permission from the Association before she could seek a variance.  And when she petitioned the Association for said permission, she was summarily denied.  To See Defendants' Exhibit R2 at pp. 22, 23 and 27.  Such actions by  Defendants is especially compelling, and equates to disparate treatment, in light of the fact that both Defendant D'Angelo and Milstein were allowed to operate business from their individual condominium units.  See Defendants' Exhibit R2 at P.20.  In fact both Defendants D' Angelo and Milstein admit to running businesses within their condominium units.  See deposition of John D'Angelo dated

April 5, 2000 at pp.5,9 and 11 and deposition of Dennis L. Milstein dated April 5, 2000 at pp. 9 and 54.

      Defendants also misrepresent facts that support Ms. Hartman's claims of violation of her civil rights by arguing that her claims of being exposed to racial slurs by association members, graffiti, vandalism and other items are just "trivial".  See Memorandum in Support of Defendants' Motion to Dismiss p. 2.  Rather, Ms. Hartman contends that she has been exposed to treatment which has been clearly directed to her at association meetings.  See Defendants' Exhibit R1at pp. 37-40.  And other incidents including, but not limited to, the throwing of eggs at unit's windows and not at other dwellers.  See Complaint at ¶ 10 (c).  Defendants have encouraged tenants and members to engage in conduct when encountering Ms. Hartman on the premises and in the neighborhood community surrounding the condominium.  See Complaint at 10 (a).

      Since October 1994 to present, Ms. Hartman has been the victim of a campaign or series of racially motivated acts, some of which are mentioned above, which constitute force or threat of force and which are designed to intimidate or interfere with her quiet enjoyment and occupying of her dwelling because of her race and/or color, within the meaning of the Fair Housing Act and applicable Federal Civil Rights Statutes, or which are in retaliation for her filling complaints of the same with the Pennsylvania Human Relations Commission or other agency concerning the same.  The continued different treatment from the other condominium members, with regard to request for services to which all members and property owners are entitled, where said request were denied, refused acted upon inappropriately, improperly, rudely, or untimely, as a matter of disparate treatment towards Plaintiff, as opposed to others who are not of Ms. Hartman's race or color.  See Complaint at ¶ 10 (b).  The Complaint clearly alleges that

Ms. Hartman's civil rights have been violated because of her race or color.  See Complaint at ¶ 8.

**ARGUMENT**

**Standard for Motion to Dismiss**

A. **Defendants' 12(b)(6) motion is procedurally inappropriate and therefore barred.**

Fed. R.C.P. 12(b)(6) clearly states that: "A motion making any of these defenses shall be made before pleading if a further pleading is permitted."  A motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of the plaintiff's pleadings before the defendant's answer or other such pleading is due.  See Fed.R.C.P. 12(b)(6).  Defendants' motion is inappropriately filed because the defendants' already provided an Answer to the Complaint as well as numerous further pleadings.  See  Defendants' Answer filed December 13, 1999.  Clearly the motion by the Defendants' is not timely and under the rule the motion is therefore barred.

B. **Motion to Dismiss Standard**

The burden placed on a defendant seeking an early termination of the litigation is a heavy one, and such termination will be granted only in the most compelling circumstance:

> A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would ultimately prevail but whether they are entitled to offer evidence to support the claim.

Scheur v. Rhodes, 416 U.S. 232, 236 (1974).

In considering a motion to dismiss, the district court is required to accept as a true all well-pled allegations contained in the complaint.  Miree v. Dekalf Co., Georgia, 433 U.S. 25, 27

n.2 (1977).  Indeed since granting such a motion results in a determination on the merits at such an early stage of a plaintiff's case, a court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  Colburn v. Upper Darby Township, 838 F. 2d 663, 664-65 (3d Cir. 1988), quoting  Est. of Bailey by Oare v. County of York, 768 F.2d 503(3d Cir 1985), cert.denied, 489 U.S. 1065 (1989).

It is well settled that a pleading is sufficient it if contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.8(a)(2).  Under the liberal federal pleading rules, a complaint need not spell out the theory of liability under which the plaintiff hopes to recover.  See Evans Products Co. v. West Am. Ins. Co., 736 F 2d. 920, 923 (3d Cir. 1984).  It is not necessary to plead evidence, and it is not necessary to plead all the facts  that serve as the basis for the claim.  Bogosian v. Gulf Oil Corp., 561 F2d 434, 446(3d Cir. 1977), cert. Denied, 434 U.S. 1086 (1978).  However, as stated above, the Federal Rules of Civil Procedure do require that a complaint set forth "a short and plain statement of the claim showing that the pleader  is entitled to relief." Fed.R.Civ.P.8(a).  See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (Although the Federal Rules of Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.") quoting  Conley v. Gibson, 355 U.S. 41, 47 (1957).

**<u>PLAINTIFF'S CLAIMS UNDER THE FAIR HOUSING ACT AND §§1981 AND 1982 MAY PROCEED</u>**

The Fair Housing Act prohibits discrimination in the sale or rental of housing including the refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of race; to discriminate against any person in the terms, conditions or privileges or rental or a dwelling because of race; or to represent to any person because of their race that any dwelling is not available for inspection, sale or rental when such dwelling is in fact available.  <u>See</u> 42 U.S.C. §§ 3604 (a), (b) and (d).

The Fair Housing Act was intended by Congress to have "broad remedial impact." <u>Havens Realty v. Coleman,</u> 455 U.S. 363, 380, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982). Historically, enforcement of the civil rights statutes depends, in large measure, on the willingness of private plaintiffs to pursue individual cases.  The Surpreme Court has attached importance to each individual's prosecution of discrimination under the statutes:

> The objectives of the [discrimination statutes; are furthered when even a single [individual] establishes that [another [*9] individual] has discriminated Against him or her. The disclosure through litigation Of incidents and practices that violate national Policies respecting nondiscrimination…is itself important.

<u>McKennon v. Nashville Banner Pub.</u>, 513 U.S. 352, 358-59, 115 S.Ct.879, 130 L.Ed.2d 852 (1992).

Sections 1981 and 1982 of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982 (1994), operate independently of the Fair Housing Act to prohibit housing discrimination on the basis of race. <u>Jones v. Alfred H. Mayer Co.</u>, 392 U.S. 409, 416-417 (1968).  Section 1981 provides that

African Americans "shall have the same right…to make and enforce contracts…as is enjoyed by white citizens…" 42 U.S.C. §§ 1981(a).  The 1991 amendments to the Civil Rights Act clarified that "the term 'make and enforce contracts' includes…the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. §§ 1981(b).

Section 1982 provides that African-Americans "shall have the same right…as is enjoyed by white citizens…to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. §§ 1982.  The property rights protected by §§ 1982 are those included in the "bundle of rights for which an individual pays" when he or she purchases property.  Tillman v. Wheaton-Haven Recreation Ass'n., 410 U.S. 431, 437 (1973).  Restrictions on the use of a homeowner's use of her property violate §§ 1982. *See* City of Memphis v. Greene, 451 U.S. 100, 120-22 (1981); Concerned Tenants Ass'n. v. Indian Trails Apts., 496 F. Supp. 522, 527-28 (N.D. Ill. 1980) (applying §§ 1982 to failure to provide same services to white and black tenants).

**CONCLUSION**

      Ms. Hartman alleges in her complaint that Defendants discriminated against her on the basis of her race in violation of the Fair Housing Act and other federal laws in connection with the disparate and intentional sale of a defective condominium unit, the denial of being allowed to operate a business out of her home and other various discriminatory acts mentioned above and cited in her complaint. Plaintiff has demonstrated that she is entitled to relief for the Defendants discriminatory actions against her in violation of 42 U.S.C. §§ 1981, 1982, 3604(a), 3604(b), 3604(d) and 3617 and that the Defendants are liable for punitive damages.  Therefore, Plaintiff respectfully requests that this court deny defendants' motion to dismiss and allow this case to proceed.

                                              Respectfully submitted,

                                        BY:_____
                                              J. Edward McCain III, Esquire
                                              1800 Callowhill Street
                                              Philadelphia, PA  19130
                                               215-557-0151
                                              Attorney for Plaintiff

**PROOF OF SERVICE**

I, J. Edward McCain III, hereby certify that on this ___ day of October, 2002, I caused a true and correct copy of the foregoing **Plaintiff's Response to Defendants Motion to Dismiss** to be served by United States first class mail, postage prepaid, upon the following:

    John J. D'Angelo, Esquire
    540A South 11th Street
    Philadelphia, PA 19147
    Attorney for Defendants

    William D. Longo, Esquire
    Margolis, Edelstein, & Scherlis
    4th Floor, Independence Square West
    6th & Walnut Streets
    Philadelphia, PA 19106-3304
    Attorney for Defendants

    Frank Pollock, Esquire
    Brownstein & Vitale, PC
    1308 Spruce Street
    Philadelphia, PA 19107

Dated:                                                       _____
                                                          J. Edward McCain III
                                                          THE LAW OFFICES OF
                                                          J. EDWARD MCCAIN III
                                                          1800 Callowhill Street
                                                          Philadelphia, PA 19130

                                                          Attorney for Plaintiff